# SOCIETE ANONYME DES SUCRERIES DE SAINT JEAN

*v.*

## CELESTINO SOLÁ ET AL.

San Juan, Equity, No. 1018.

### DESCRIPTION IN SPECIFIC PERFORMANCE.

Specific Performance—Description.

> In specific performance a right of way to be enforced must be accurately described; but if what is sought is enforcement of a contract to go on property in order to locate a right of way, there cannot be an accurate description.

Opinion filed February 20, 1919.

*Mr. Henry G. Molina* for plaintiff.

*Mr. O. B. Frazer* for defendant.

HAMILTON, Judge, delivered the following opinion:

This court has had occasion recently in the case of Linares v. Bianchi (December 30, 1918, manuscript), to discuss the jurisdiction as to specific performance and the nature of the pleadings required. Here we need only examine whether the allegations of the bill at bar are adequate.

It would seem that plaintiff and defendants' grantor made a contract as to the extension of plaintiff's steam railway across

a certain finca now in the possession of the defendants. De-
fendants do not contest the agreement, but claim that the plain-
tiff should describe the right of way desired, and not merely
assert a general right of way. This also received some consid-
eration by this court in the case of Filbrick v. Bayamón, 9
Porto Rico Fed. Rep. 231, 390; 20 Enc. Pl. & Pr. 449.

The right to specific performance to be effective must in a
general way be coextensive with the right of contract. For in-
stance, it may be proper for parties to contract that one may go
upon the land of the other and select a route for a railroad, and
then afterwards build the railroad upon the route selected.
There is nothing contrary to the law of contract, public policy,
or good morals in such a stipulation, and no difficulty in its
specific performance. Indeed it is difficult to see how a rail-
road can be built in any other manner than in accordance with
some preliminary survey, inasmuch as a railroad must run on
the surface and yet avoid as far as possible hills and hollows,
unless it is to be a very expensive undertaking. Reading the
contract set up in the bill, it might be a question whether it was
not exactly of this character, that is to say, contemplating a
preliminary entrance for locating the road, and then a subse-
quent building of the road itself. The first part of the contract
gives a "paso libre por la finca," that is, a free passage through
the property if the company desires to build a road, and later
"concediéndole a tales fines el uso y posesión de una faja,"
"granting it for such purposes the use and possession of a strip
of land." This might well contemplate two distinct opera-
tions,—an entry for examination and a cession of land selected.
However this may be, the contract as a whole grants a right of

Societe Anonyme des Sucreries v. Solá.

way for a railroad, and this must contemplate a preliminary survey, as otherwise the railroad could not be built.

This being so, the specific performance must be of these two steps in the one contract. The entry to select a route could not be more definitely described than as an entry to select a route, the route being unknown until the entry. It is quite true that there is a provision for a public deed describing the land granted, but this would relate to the second step in the performance of the contract. The first is the entry, and this does not call for a detailed description of the land whose description up to that time must necessarily be unknown. The contract calls for three things,—first,. entry for selection; second, building of railroad upon route selected; and third, the public deed describing the route selected. The Mortgage Law, art. 9 (1), applies only to the third step.

It follows that the motion to dismiss must be overruled.

It is so ordered. .